IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAWN D. KENNEDY                                                                                          PLAINTIFF


v.                              CASE NO.         2:10-CV-02199


MICHAEL J. ASTRUE, Commissioner
of Social Security Administration                                                                        DEFENDANT

### MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

The plaintiff filed her applications for DIB and SSI on October 27, 2007, alleging an onset date of February 1, 2005, due to plaintiff's Depression and Anxiety. (T. 111) Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on February 6, 2009. Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 52 years of age and possessed a 10th grade education. The Plaintiff had past relevant work ("PRW") experience as a florist (T.

114).

On July 2, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's arthritis in the left elbow, depression, anxiety and alcohol abuse did not meet or equal any Appendix 1 listing (T. 41). The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform light unskilled work except that the Plaintiff could only frequently grasp with the left hand and could only occasionally lift with the left arm, but that it could be used in a supportive capacity and that she was limited to simple repetitive tasks and could only engage in incidental interpersonal interaction with coworkers and supervisors consistent with assembly work (T. 43). With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the work of Hand Packager, Housekeeping and Mail Clerk (T. 46).

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the

decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**:

The ALJ determined that the Plaintiff had sever impairments of arthritis in the left elbow,

depression, anxiety and alcohol abuse but that these impairments, singularly or in combination, did not meet or medically equal one of the listed impairments (T. 41). This finding by the ALJ is not disputed by the Plaintiff and is supported by the record.

The ALJ then determined that the Plaintiff had the RFC to perform light, unskilled work except that she could frequently grasp with the left hand, and can only occasionally lift with the left arm, but it can be used in a supportive capacity. The ALJ also limited the Plaintiff to simple repetitive task and that she could only engage in incidental interpersonal interaction with coworkers and supervisors. (T. 43). The Plaintiff contends that the ALJ erred in this determination by giving insufficient weight to the Plaintiff's mental limitations.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing *Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

A. **Subjective Complaints**

The ALJ acknowledged that the Plaintiff testified that, because of her mental impairments, she had difficulty interacting with people and, as a result prefers not to leave her apartment.  She further testified that when she is around other people she often goes into a rage and begins to curse and scream at them. Plaintiff stated that she only goes out once a month to go shopping and does not participate in social activities (T. 43).

The ALJ must consider several factors when evaluating a claimant's subjective complaints of pain, including claimant's prior work record, observations by third parties, and observations of treating and examining physicians relating to 1) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Casey*, 503 F.3d at 695 (8th Cir.2007) (*citing Polaski v. Heckler*, 729 F.2d 1320, 1322 (8th Cir.1984). The ALJ may discount subjective complaints when they are inconsistent with the evidence as a whole. Id. (citing Polaski, 739 F.2d at 1322). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781,

783 (8th Cir.2004).

The ALJ first noted that the Plaintiff had never sought treatment for her psychiatric condition.  *Id.*; *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (holding that lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant consideration when evaluating Plaintiff's allegations of disability due to a mental impairment). Thus, there was substantial evidence for the ALJ to doubt Plaintiff's complaints of disabling symptoms considering Plaintiff failed to seek more frequent and substantive treatment. See *Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir. 1987) (upholding ALJ's consideration of claimant's failure to seek medical attention where claimant's measures to relieve pain were not indicative of severe, disabling pain). *See also Banks v. Massanari*, 258 F.3d 820, 825-26 (8th Cir.2001) (ALJ properly discounted claimant's complaints of disabling depression as inconsistent with daily activities and failure to seek additional psychiatric treatment)

The Plaintiff only sought mental treatment at the encouragement of her attorney after she had filed for disability (T. 20).  Even then the Plaintiff admits that she never received any treatment and contended that this was because of financial considerations although this is not clear.  *Hutsell v. Sullivan*, 892 F.2d 747, 750 n. 2 (8th Cir.1989) (noting that "lack of means to pay for medical services does not ipso facto preclude the Secretary from considering the failure to seek medical attention in credibility determinations.") (internal quotations omitted). *Cole v. Astrue,* 2009 WL 3158209, 6 (W.D.Ark.) (W.D.Ark.,2009) What is clear is that the Plaintiff continues to smoke two packs of cigarettes per day and consume an undisclosed amount of alcohol (T. 154).  *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (considering fact that Plaintiff continued to smoke three packs of cigarettes a day, in spite of contention he could not

afford medical treatment and medication).  Plaintiff has not shown that she exhausted all of the possible alternatives to receiving treatment at a reduced rate or free of charge. *See Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992) (noting that financial hardship must be taken into account, but there was no evidence that the claimant sought low-cost medical treatment from her doctor, or from clinics or hospitals).  In point of fact the Plaintiff sought free medical care at the Good Samaritan Clinic in August 2008 (T. 195).  The ALJ correctly discounted the Plaintiff's desire to get medical help for her mental problems.

In addition it appears that the Plaintiff was doing house cleaning work on a cash basis in 2008 and for some time prior to that (T. 12). Since the Plaintiff did her housecleaning on a cash basis there was no way to tell how much income she generated and the ALJ did not consider her work as substantial gainful employment. However it is some evidence that the Plaintiff was not disabled. Absent a showing of deterioration, working after the onset of an impairment is some evidence of an ability to work. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir.2005).

The ALJ was correct in discounting the Plaintiff's subjective complaints.

**B.  RFC**

The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform light unskilled work except that the Plaintiff can frequently grasp with the left hand and can only occasionally lift with the left arm, but it can be used in a supportive capacity and that she was limited to simple repetitive tasks and can only engage in incidental interpersonal interaction with coworkers and supervisors consistent with assembly work (T. 43).  With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the work of Hand Packager, Housekeeping and Mail Clerk.  T. 46

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

In this case the Plaintiff has no prior medical evidence or treating physician reports. There were no treatment records indicating how the Plaintiff arrived at her disability date of

February 1, 2005 (T. 111).

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

The ALJ, in fulling his duty to fully and fairly develop the record, had a consultive psychological examination performed by Kathleen M. Kralik on November 13, 2007 and a General physical examination performed by Dr. Hoang on December 6, 2007.

Dr. Kralik felt that the Plaintiff's capacity to carry out activities of daily living and to function in a social setting was somewhat impaired; her capacity to communicate in an intelligible and effective manner and her ability to cope with the typical mental/cognitive demands of basic work-like tasks was generally adequate for occupational purposes; but her ability to sustain concentration on basic tasks was problematic (T. 157) as was her capacity to complete work like tasks (T. 158).

Dr. Hoang diagnosed the Plaintiff with social phobia, panic attack and depression (T. 165) but found no physical limitations.  Dr. Hoang felt that the Plaintiff had "moderate mental limitations for her employment" (Id.).

Dr. Kay Cogbill performed a Psychiatric Review Technique on December 12, 2007 and found the Plaintiff to have an Adjustment Disorder (T. 169), generalized anxiety disorder (T.

171) and alcohol dependence (T. 174).  Based upon her assessment she felt that the Plaintiff had Mild restrictions of daily living and social functioning, Moderate difficulties in maintaining concentration, persistence, or pace and No episodes of decompensation of extended duration. (T. 176).  She also found that there was no evidence of the "C" criteria of the Listings (T. 177).  Dr. Cogbill found that the Plaintiff was "able to perform work where interpersonal contact is routine but superficial" and the "complexity of tasks is learned by experience" (T. 182). Dr. Cogbill's opinion was reviewed by Dr. Kay Gale on March 10, 2008 and affirmed (T. 190).

"When one-time consultants dispute a treating physician's opinion, the ALJ must resolve the conflict between those opinions." *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir.2000). "As a general matter, the report of a consulting physician who examined a claimant once does not constitute 'substantial evidence' upon the record as a whole. *Id*. As pointed out previously the Plaintiff has no medical evidence to contradict the findings of Dr. Kralik, Dr. Hoang and Dr. Cogbill.  She was never seen or treated for any mental condition prior to filing her claim for disability. In this instance the record does constitute substantial evidence upon which the ALJ may rest his opinion.

IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this January 27, 2012.

*/s/ J. Marschewski*

HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE